UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**DOUGLAS ROSADO,**

*Plaintiff*,

v.

**YADIRA ADORNO-DELGADO,**

*Defendant.*

Civ. No. 22-01182 (MAJ)

## OPINION AND ORDER

### I.   Introduction

On April 19, 2022, Plaintiff Douglas Rosado ("Plaintiff") filed the instant suit against Defendant Yadira M. Adorno Delgado, Esq., seeking damages for alleged legal malpractice under Puerto Rico law. (**ECF No. 1**). Pending before the Court are the parties' Cross Motions for Summary Judgment. (**ECF Nos. 84, 85**).[1] For the reasons stated hereafter, both motions are **DENIED**.

### II.   **Background**[2]

Plaintiff is a citizen of the State of Maryland. (**ECF No. 1 at 1 ¶ 1, 6, 7**). Defendant is a citizen of and resides in the Commonwealth of Puerto Rico. (**ECF No. 1 at 2 ¶ 3**); (**ECF No. 5 at 1 ¶ 3**). Plaintiff retained Defendant's legal services between September

---

[1]   In considering Defendant's Motion for Summary Judgment, Plaintiff's Response in Opposition for Summary Judgment was reviewed. (**ECF No. 98**). Defendant did not file an opposition to Plaintiff's Motion for Summary Judgment.

[2]   As will be further described below, Plaintiff did not file a statement of uncontested facts with his Motion for Summary Judgment in violation of Local Rule 56(b). (**ECF No. 85**). Defendant also did not file a separate statement of uncontested facts with her Motion for Summary Judgment. (**ECF No. 84**). However, a "Statement of Uncontroverted Facts and Conclusions of Law" is within her actual motion. *Id*. Notably, Plaintiff did not file an opposing statement of material facts in contravention of Local Rule 56(c). For the sake of thoroughness, the factual background is therefore based on the factual allegations in both Plaintiff's Complaint and Defendant's Answer. *Laboy-Salicrup v. Puerto Rico Elec. Power Auth.*, 244 F. Supp. 3d 266, 267 n. 1 (D.P.R. 2017).

2017 and September 2018 to represent him in his post-matrimonial community property division case before the Puerto Rico Court of First Instance. (**ECF No. 1 at 2 ¶¶ 6-9**); (**ECF No. 5 at 1 ¶¶ 6-9**); (**ECF No. 23 at 1 ¶ 1**). Though the case was ongoing, Plaintiff alleges, and Defendant does not dispute, that on September 17, 2018, she requested leave from the Court to withdraw from representing Plaintiff. (**ECF No. 1 at 3 ¶ 16**); (**ECF No. 23 at 2 ¶ 4**). Plaintiff asserts he was unaware of Defendant's intention to withdraw and found out the moment she made the request in open court. (**ECF No. 1 at 3 ¶ 16**); (**ECF No. 5 at 3 ¶ 16**). Regardless, Defendant was permitted to withdraw, after which, Plaintiff retained new representation.[3] (**ECF No. 1 at 3 ¶ 16; 5 ¶ 20**); (**ECF No. 5 at 3 ¶ 16**)

Thereafter, Plaintiff discovered a significant amount of activity on his case docket that he alleges Defendant did not keep him informed of. (**ECF No. 1 at 4 ¶ 19**). Trial was held from October 15-18, 2019, and on July 20, 2021, the trial court issued its Judgment ("July 2021 Judgment").[4] (**ECF No. 84-2 at 1**). Plaintiff alleges that the trial court's Judgment was based in large part on a court resolution dated August 22, 2018 ("August 2018 Resolution"). (**ECF No. 1 at 6 ¶ 22**).

Though Plaintiff is a licensed attorney, he maintains he was never informed of his reconsideration or appeal rights of the August 2018 Resolution, nor did he understand the ramifications of the August 2018 Resolution until the July 2021 Judgment. *Id.* at 6 ¶¶ 22-23. Plaintiff also contends that Defendant agreed to self-impose rent in favor of his ex-spouse for the community property he resided at in Maryland, without his consent. *Id.* at

---

[3] Defendant maintains Plaintiff did not need to obtain "new" counsel, as her co-counsel Enrique Baez stayed on as his attorney. (**ECF No. 84 at 10 ¶ 41**).
[4] Plaintiff alleges the trial took place in August of 2018. (**ECF No. 1 at 5 ¶ 20**). However, a look at the trial court Judgment attached to Defendant's Motion for Summary Judgment reveals it actually took place in October 2019. (**ECF No. 84-2 at 1**).

7 ¶ 26. These two instances represent the "cornerstones" of Plaintiff's legal malpractice claim against Defendant, the result of which he claims he is entitled to $750,000 in damages: $123,827.90 for the August 2018 Resolution; $79,763.50 for the rent agreement he claims was made without his consent; and $25,000[5] for the various court fines he received. *Id.* at 10 ¶ 47; (**ECF No. 98 at 5**). The remaining damages are for stress, mental anguish, and punitive damages plus costs, interest, and legal fees. (**ECF No. 1 at 14 & ¶¶ 53-54**).

Defendant maintains she is not liable for the legal malpractice alleged because Plaintiff was represented by another attorney for eleven months after her withdrawal from representation. (**ECF No. 84 at 5 ¶ 18**). She highlights that she was not his attorney during the trial or subsequent appeal, where the Puerto Rico Court of Appeals "confirmed and sustained all aspects of" the trial court's Judgment. *Id.* 7 ¶ 30. Moreover, she alleges the attorney who represented him during the trial and appeal was retained during her representation of Plaintiff as well, and therefore, not new to the case. *Id.* at 13 ¶ 49.

Moreover, Defendant cites to the trial court's finding of recklessness against Plaintiff for lying under oath, causing unnecessary expenses to his ex-spouse during the discovery process, falsely representing evidence he attempted to enter, and failing to comply with court orders. *Id.*; (**ECF No. 84-2 at 23**). This, she contends, is the basis for the outcome of the case with which Plaintiff takes issue. Accordingly, she maintains the

---

[5] This amount is broken down as follows: $4,000 as a result of the August 2018 Resolution; $1,000 as a result of Defendant's withdrawal from representation the day trial was scheduled to begin; and $20,000 for Plaintiff's "obstructive behavior" in connection with the August 2018 Resolution. (**ECF No. 1 at 10 ¶ 47**).

outcome of Plaintiff's community property division case "had nothing to do with [her] conduct or actions."[6] *Id.* ¶ 50.

### III. Legal Standard

#### a. Summary Judgment Under Fed. R. Civ. P. 56

Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. *White v. Hewlett Packard Enterprise Co.*, 985 F.3d 61, 68 (1st Cir. 2021); *Blackie v. Maine,* 75 F.3d 716, 721 (1st Cir. 1996). "A genuine dispute is one that a reasonable factfinder could resolve in favor of either party." *Flood v. Bank of Am. Corp.*, 780 F.3d 1, 7 (1st Cir. 2015) (citing *Gerald v. Univ. of P.R.*, 707 F.3d 7, 16 (1st Cir. 2013)). "[A] fact is 'material' if it 'has the potential of affecting the outcome of the case.'" *Taite v. Bridgewater State U., Bd. of Trustees*, 999 F.3d 86, 93 (1st Cir. 2021) (quoting *Pérez-Cordero v. Wal-Mart P.R., Inc.*, 656 F.3d 19, 25 (1st Cir. 2011)).

To win summary judgment on a particular issue, the moving party must show that "there is an absence of evidence to support" the nonmoving party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The party moving for summary judgment "bears the initial burden of showing that no genuine issue of material fact exists." *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020) (citation omitted). This burden is met "when the moving party demonstrates that the opposing party has failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *E.E.O.C. v. Kohl's Dept. Stores, Inc.*, 774 F.3d 127, 131 (1st Cir. 2014) (internal quotations and citation omitted). In opposing a motion for summary judgment, the non-moving party "bears the burden of

---

[6] Defendant also makes a general contention that she has not violated any of the Canons of the Puerto Rico Code of Professional Ethics. (**ECF No. 84 at 9 ¶ 37-43**). She does not cite to any record support in support of this contention.

producing specific facts sufficient to" defeat summary judgment. *González-Cabán v. JR Seafood Inc.*, 48 F.4th 10, 14 (1st Cir. 2022) (internal quotations and citation omitted). The Court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003) (citation omitted). Furthermore, the Court must review the record as a whole and avoid assessing the credibility or gauging the weight of the evidence presented. *Pina v. Children's Place*, 740 F.3d 785, 802 (1st Cir. 2014).

The Court may "afford no evidentiary weight to conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative." *Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011) (quoting *Rogan v. City of Boston*, 267 F.3d 24, 27 (1st Cir. 2001)). "In addition, the 'absence of evidence on a critical issue weighs against the party—be it the movant or the nonmovant—who would bear the burden of proof on that issue at trial.'" *Inés María Jelú Iravedra v. Municipality of Guaynabo*, 16-1585, 2018 U.S. Dist. LEXIS 59321, at *4-5 (D.P.R. Mar. 30, 2018) (quoting *Alamo Rodríguez v. Pfizer Pharms., Inc.*, 286 F. Supp.2d 144, 151 (D.P.R. 2003)).

The goal of "summary judgment is 'to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Carrozza v. CVS Pharmacy, Inc.*, 992 F.3d 44, 56 (1st Cir. 2021) (quoting *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991)). In short, for either party to prevail on summary judgment, they "must demonstrate that, even admitting well-pleaded allegations in the light most favorable to [the non-moving party], the applicable law compels a judgment in its favor." *Vega-

*Martínez v. Hosp. San Antonio Inc.*, 18-cv-1055, 2022 WL 4539850, at *3 (D.P.R. Sept. 28, 2022).

### b. Local Rule 56

Summary judgment motions must be compliant with Local Rule 56, which imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). A party opposing a motion for summary judgment must then "admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56(c).

"The purpose of this 'anti-ferret rule' is to require the parties to focus the district court's attention on what is, and what is not, genuinely controverted. Otherwise, the parties would improperly shift the burden of organizing the evidence presented in a given case to the district court." *Mariani–Colón v. Dep't of Homeland Sec.*, 511 F.3d 216, 219 (1st Cir. 2007) (quoting *Alsina-Ortiz v. Laboy*, 400 F.3d 77, 80 (1st Cir. 2005)) (citing *Cabán-Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007)). "Time and again, the First Circuit Court of Appeals has 'emphasized the importance of local rules similar to Local Rule 56 of the District of Puerto *Rico.*'" *Matos Lugo v. Sociedad Española de Auxilio Mutuo y Beneficencia de Puerto Rico*, 20-cv-1314, 2023 WL 8238896, at *2 (D.P.R. Nov. 27, 2023) (quoting *Cabán-Hernández*, 486 F.3d at 7). Parties ignore these rules "at their peril." *López-Hernández v. Terumo Puerto Rico LLC*, 64 F.4th 22, 26 (1st Cir. 2023) (quoting *Mariani-Colón*, 511 F.3d at 219).

## IV. Applicable Law

As this is a diversity action, Puerto Rico law governs the substance of Plaintiff's claims, while federal law controls the procedural rules. *Alemán-Pacheco v. Universal Grp., Inc.*, 638 Fed.Appx. 15, 15 (1st Cir. 2016) (citations omitted). "[U]nder Puerto Rico law, 'attorneys . . . are liable for their professional negligence in accordance with Puerto Rico Civil Code § [1536].'"[7] *Cont'l Cas. Co. v. Angelet-Frau*, 16-cv-2656, 2020 WL 12761551, at *2 (D.P.R. June 1, 2020) (quoting *Martínez-Marrero v. González-Droz*, 180 D.P.R. 579, 592 (P.R. Jan 11, 2011)).

To state a plausible legal malpractice claim under Puerto Rico law, a plaintiff must show: "(1) the existence of an attorney-client relationship giving rise to a duty; (2) that the attorney, either by act or omission, breaches it; (3) that said breach of duty be the proximate cause of the injury to the client; and (4) that the plaintiff client sustains actual damage or loss." *Portugués-Santana v. Rekomdiv Int'l Inc.*, 725 F.3d 17, 25 (1st Cir. 2013) (quoting *Colón-Prieto v. Géigel*, 15 P.R. Offic. Trans. 313, 321 (P.R. 1984)). "The duties that an attorney has to his client are those found in the Canons of Professional Ethics, and they include a duty to 'be skil[l]ful and careful' and 'to protect the interests of his client.' Where an attorney acts without diligence, he acts with negligence." *Citrus World, Inc. v. Ferraiuoli, Torres, Marchand & Rovira, P.S.C.*, 11-cv-2118, 2014 WL 1007744, at *7 (D.P.R. Mar. 14, 2014) (internal citations and quotations omitted) (quoting *Colón-Prieto*, 1. P.R. Offic. Trans. at 322). To satisfy the "causal nexus element," the plaintiff must demonstrate that their legitimate legal claim was mishandled due to the attorney's

---

[7] Article 1802 of the Puerto Rico Civil Code of 1930 was replaced by Article 1536 when the new Puerto Rico Civil Code came into effect in 2020. *Dumanian v. FirstBank Puerto Rico*, 22-cv-1543, 2024 WL 197429, at *3 (D.P.R. Jan. 17, 2024). "Article 1536, however, contains the same elements as its predecessor, thereby leaving the tort statute practically unchanged." *Id.*

carelessness. *Portugués-Santana*, 725 F.3d at 25. (quoting *Colón-Prieto*, at 325) Essentially, the plaintiff is required to prove that they would have succeeded in the original case (the underlying claim) if not for the malpractice, to be victorious in the current malpractice case. *Id*. This concept is known as the "suit within a suit requirement." *Id*. (quoting *Colón-Prieto*, at 325).

V.   **Analysis**

a. **Plaintiff's Motion for Summary Judgment**

Plaintiff bases his claim of legal malpractice on two discrete acts allegedly committed by Defendant. First, that Defendant's failure to notify him of his right to appeal the August 2018 Resolution. (**ECF No. 85 at 12-14**). And second, the binding agreement she allegedly entered into on his behalf—without his consent—to self-impose rent in favor of his ex-spouse over the Maryland property. (**ECF No. 85 at 17-19**). Plaintiff maintains he is entitled to summary judgment on both of these claims. (**ECF No. 85**).

However, a party that moves the Court for summary judgment must show "that there is no genuine dispute as to any material fact" in order to prevail. Fed. R. Civ. P. 56(a). "Rule 56 requires that the movant support the factual assertions allegedly not in dispute with citations 'to particular parts of materials in the record.'" *Laboy-Salicrup v. Puerto Rico Elec. Power Auth.*, 244 F. Supp. 3d 266, 270 (D.P.R. 2017) (quoting Fed. R. Civ. P. 56). In conjunction with this rule, Local Rule 56(b) requires that a movant file a "separate . . . statement of material facts" and to support each factual assertion with a citation to the record. Loc. Rule 56(b).

Plaintiff did not include a statement of uncontested facts with his motion in contravention of Local Rule 56(b). This violation of Rule 56 and Local Rule 56, by itself, "justifies denial of Plaintiff's motion." *Laboy-Salicrup,* 244 F. Supp. 3d at 270 (citing

*Alberti v. Carlo-Izquierdo*, 548 Fed.Appx. 625, 631 (1st Cir. 2013)); *López-Hernández*, 64 F.4th at 26 ("We have repeatedly emphasized the importance of complying with said local rule and have implored litigants to comply or ignore it 'at their peril.'" (quoting *Mariani-Colón*, at 219)); *JRA Architects & Project Managers, P.S.C. v. First Fin. Grp., Inc.*, 08-cv-1285, 2009 WL 10689032, at *1 (D.P.R. Apr. 17, 2009), *report and recommendation adopted*, 08-cv-1285, 2009 WL 10688979 (D.P.R. May 13, 2009) ("Defendant's motion does not comply with the format requirements of Local Rule 56(b). Therefore, the motion to dismiss should be denied without prejudice." (emphasis omitted) (internal citations omitted)); *Muñiz-Cordero v. Barreto-Tirado*, 04-cv-02116, Order, Nov. 16, 2006, ECF No. 34 ("ORDER denying [] motion for summary judgment for failure to comply with Local Rule 56(b).").

While the Court acknowledges Plaintiff's pro se status, Plaintiff attended law school in Puerto Rico and is a licensed and practicing attorney in this jurisdiction. (**ECF No. 84 at 6 ¶ 24**); (**ECF No. 84-2 at 3 ¶ 39**). The Ninth Circuit, in *Huffman*, held that "'presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.' That logic does not apply to practicing attorneys, nor should the grace extend to them." *Huffman v. Lindgren*, 81 F.4th 1016, 1020–21 (9th Cir. 2023) (internal citation omitted) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)). In so holding, the Ninth Circuit cited decisions from four other Circuits, and stated that "the circuits that have reached the issue speak with one voice: they have uniformly declined to extend the liberal pleading standard to pro se attorneys." *Id.* (collecting cases). The Court agrees that a practicing attorney should not be afforded the same grace as a pro se layperson. Plaintiff, therefore, is not entitled to the liberal pleading standard typically afforded to pro se litigants.

Regardless, even when a pro se plaintiff's pleadings are construed liberally, there is no such leniency with procedural matters. *Ryan McCurley v. Citigroup Glob. Markets Holdings Inc.*, 22-cv-1031, 2023 WL 2652623, at *2 (D.P.R. Mar. 27, 2023) ("Although courts construe a pro se plaintiff's complaint liberally, 'there is a long line of authority rejecting the notion that pro se litigants in [] civil . . . cases are entitled to extra procedural swaddling.'") (quoting *Eagle Eye Fishing Corp. V. U.S. Dep't of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994)). Simply put, "a litigant's pro se status does not absolve him from compliance with the Federal Rules of Civil Procedure. This applies with equal force to a district court's procedural rules." *Id.* (quoting *F.D.I.C. v. Anchor Properties*, 13 F.3d 27, 31 (1st Cir. 1994)).

Based on the above, Plaintiff's Motion for Summary Judgment is **DENIED**.

### b. Defendant's Motion for Summary Judgment

Turning to Defendant's Motion for Summary Judgment, Defendant also did not file a *separate* statement of uncontested facts with her Motion for Summary Judgment in violation of Local Rule 56(b). Instead, Defendant included it within the text of the motion itself. (**ECF No. 84 at 4**). Because Defendant ultimately did include a statement of uncontested facts that does properly cite to the record—albeit within the motion—the Court will review what Defendant has submitted. *Nohemi Meléndez v. Hosp. Hermanos Meléndez*, 05-cv-2057, 2007 WL 9759074, at *3 (D.P.R. June 12, 2007) (finding same); *In re Aledria Corp.*, 10-cv-12310, 2013 WL 1619998, at *6 (Bankr. D.P.R. Apr. 15, 2013) (finding same).

However, while Plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment, he failed to file an opposing statement of material facts in violation of Local Rule 56(c). The Court thus deems Defendant's statement of uncontested facts

uncontroverted and admitted under Local Rule 56(e). *López-Hernández,* at 27 (holding same). Consequently, the Court proceeds to determine whether—in light of the assertions of fact deemed admitted—Defendant has met her burden of showing that there are "no material issues of fact that preclude entry of judgment in its favor." *Laboy-Salicrup,* at 271.

As an initial matter, there seems to be some confusion as to the applicable law in the case at bar. Plaintiff properly cites Article 1536 of the Puerto Rico Civil Code of 2020 in his Complaint as the applicable law in this malpractice action. (**ECF No. 1 at 14 ¶ 52**). However, Plaintiff also cites to the Canons of the Puerto Rico Attorneys Code of Professional Ethics, presumably causing Defendant to state in the instant motion that "[t]he applicable law in this case is the Puerto Rico Code of Professional Ethics of 1970." (**ECF No. 84 at 1 ¶ 1**); (**ECF No. 1 at 11 ¶ 50**). As mentioned, the Canons of Professional Ethics speak to the *duty* owed by an attorney to their client, which is just one element of the applicable law in this case. Puerto Rico's negligence statute is thus what controls. *Cont'l Cas. Co.,* 2020 WL 12761551, at *2.

As mentioned, Defendant maintains she is not liable for the legal malpractice alleged because she did not represent Plaintiff during his trial or subsequent appeal, and that any unfavorable outcome Plaintiff was subjected to was due to his own actions at the trial court level. (**ECF No. 84**). However, these arguments do not address the bulk of what Defendant is being accused of.[8]

---

[8] Instead, this speaks to Plaintiff's claim for damages as a result of the $25,000 in fines he received in the trial court matter. As a reminder, Plaintiff alleges he suffered a $4,000 fine as a result of the August 2018 resolution; a $1,000 fine as a result of Defendant's withdrawal from representation the day trial was scheduled to begin; and a $20,000 fine as a result of his own "obstructive behavior" in connection with the August 2018 Resolution. (**ECF No. 1 at 10 ¶ 47**).

The "cornerstones" of Plaintiff's legal malpractice claim are Defendant's failure to notify him of the August 2018 Resolution and his subsequent right to appeal, and her failure to obtain his consent when she allegedly entered into a binding self-imposed rent agreement in favor of his ex-spouse. (**ECF No. 98 at 5**). Both of these, he alleges, occurred during the course of her representation. To the extent Defendant does address these allegations, she does not meet the standard necessary to grant summary judgment in her favor. The Court elaborates.

### i. August 2018 Resolution

Beginning with Defendant's alleged failure to notify Plaintiff of the August 2018 Resolution, Defendant simply contends: "The other claim mentioned by Plaintiff [] at his deposition is that he was not notified of an August 2018 Superior Court resolution. [Plaintiff] did not express what damages he received for this alleged non notification [sic] by Defendant." (**ECF No. 84 at 8 ¶ 35**). From this, the Court ascertains Defendant is implying that because Plaintiff did not provide information pertaining to his damages during the deposition, he does not satisfy the fourth prong of a negligence action. That

---

First, with regards to the $1,000 fine, Plaintiff admits in his Response in Opposition to Summary Judgment that the trial court judge rescinded this fine. (**ECF No. 98 at 12**). He is therefore precluded from claiming this amount in damages.

Second, there is no evidence or argumentation presented as to the claim for $4,000 by either party, as such, this damage claim remains.

Finally, with regards to the $20,000 fine, as Defendant's facts are deemed admitted, her contention that "[t]he state [c]ourt determination of temerity or recklessness and the $20,000.00 fine did not include [Defendant] for her conduct" prevails. (**ECF No. 84 at 7 ¶ 29**). A reading of the trial court judgment confirms as much, as it is clear the finding is particularized to Plaintiff. As mentioned, the judge made a finding of recklessness against Plaintiff for lying under oath, causing unnecessary expenses to his ex-spouse during the discovery process, falsely representing evidence he attempted to enter, and failing to comply with court orders. (**ECF No. 84-2 at 23-24**). This fine was issued in the final judgment, well after Defendant withdrew from the case. *Id*. Plaintiff is thus precluded from claiming this fine as a damage suffered as well.

being, "that the plaintiff client sustains actual damage or loss." *Portugues-Santana v. Rekomdiv Int'l Inc.*, 725 F.3d 17, 25 (1st Cir. 2013). The Court disagrees.

Plaintiff was not explicitly asked what damages he suffered as a result of Defendant's alleged failure to notify him of his right to appeal. (**ECF No. 84-3**). And a "deponent is under no obligation to volunteer information not fairly sought by the questioner during deposition testimony . . . ."*Jackson v. Regions Bank*, 09-cv-00908, 2013 WL 2359564, at *2 n. 7 (M.D. Tenn. May 29, 2013) (citing *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 907 (6th Cir. 2006)); *see also Bass v. City Sioux Falls*, 232 F.3d 615, 618 (8th Cir. 1999) (Deponent "had no duty to volunteer such information during the deposition absent a question from the plaintiffs' counsel seeking that information."). Simply put, Defendant's assertion that Plaintiff did not articulate his damages fails to negate the possibility that damages exist. And apart from this mere contention, Defendant offers no other argument or evidence to refute Plaintiff's claim.

Accordingly, there are genuine issues of material fact that preclude summary judgment at this point. More specifically: (1) whether Defendant actually failed to notify Plaintiff of his appeal rights; (2) whether this was a breach of her fiduciary duty to him; (3) whether said breach was the proximate cause of Plaintiff's injury; and (4) whether Plaintiff sustained actual loss or damage as a result. "These issues require credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, which are jury functions, not those of a judge." *Cont'l Cas. Co.*, at *2 (internal quotations and citations omitted). Defendant's request for summary judgment on this point is therefore **DENIED**.

### ii. Self-Imposed Rent Agreement

Similarly, Defendant's response to the claim regarding the self-imposed rent agreement does not directly tackle Plaintiff's allegations. Plaintiff alleges that Defendant did not obtain his consent prior to stipulating to a *self-imposed rent agreement* in favor of his ex-spouse. (**ECF No. 1 at 7 ¶ 26**). Defendant offers the following as a rebuttal of the claim:

> As to Plaintiff's specific claims against [D]efendant [], [Plaintiff] expressed in his deposition that they [sic] were two (2) specific claims, to wit, a 'binding agreement' for a *rental study* used to determine the value of assets. [Plaintiff] admitted he had not been ordered to pay any amount of money for it.

(**ECF No. 84 at 8 ¶ 34**) (emphasis added).

Defendant appears to misconstrue Plaintiff's argument. Plaintiff is not seeking damages for the *rental study* of the apartment in Maryland, which he admits he never had done. (**ECF No. 84-3 at 42:11-21**). He is seeking damages for the alleged *self-imposed rent stipulation* he never agreed to, which the rental study was simply meant to provide the rental rate for. Therefore, whether Plaintiff suffered a monetary loss from the rental study he failed to coordinate is not dispositive of his claim, as that is not the basis of his claim.

Furthermore, during his deposition, Plaintiff was asked:

> Q: "What was the agreement?"
>
> A: "The agreement was that I had decided to *self-impose a rent upon myself* in benefit of my ex-spouse."

*Id*. at 40:20-22 (emphasis added). Thereafter, Defendant asked:

> Q: "So, what we're talking about here is that you were ordered by the Court to indicate [a] *rental study* of the apartment in Maryland. Is that what you're talking about?"
>
> *A:* "No, that's not exactly what I'm talking about."

*Id.* at 40:23-41:1 (emphasis added); *Id.* at 41:2. However, Plaintiff was thereafter asked once again:

> Q: "What was the agreement that [Defendant] did with the other party? What did it consist of?"
>
> *A:* "The agreement was that I was supposed to do a *rent study*, which I didn't know about it [sic], because I was never told, or consulted, or anything like that."

*Id.* at 41:22-23; *Id.* at 42:2-4 (emphasis added). Accordingly, Plaintiff's deposition testimony is contradictory, and the Court is unable to glean at this point whether the agreement Plaintiff takes issue with was for a rental study or a self-imposed rent stipulation. Defendant does not effectively counter the Plaintiff's assertions, nor proffer any evidence to clarify this point.

As such, there are genuine issues of material fact that preclude summary judgment. Specifically: (1) whether Defendant agreed to self-impose rent upon Plaintiff without his consent; (2) whether this was a breach of her fiduciary duty to him; (3) whether said breach was the proximate cause of Plaintiff's injury; and (4) whether Plaintiff sustained actual loss or damage as a result. Accordingly, Defendant's Motion for Summary Judgment as to this point is therefore also **DENIED**.

### VI. Conclusion

Accordingly, for the reasons set forth above the Plaintiff and Defendant's Cross Motions for Summary Judgment are **DENIED**. (**ECF Nos. 84, 85**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of March, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**